**WEI XIONG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72720.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 30, 2008.

Joel Spence, Spence, Hughes & Associates, Alhambra, CA, for Petitioner.

Wei Xiong, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Katharine E. Clark, OIL, Barry J. Pettinato, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Wei Xiong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial from his application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the adverse credibility findings, *Gui v. I.N.S.*, 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition for review and remand.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence does not support the IJ's adverse credibility determination. *Id.* The IJ found that it was implausible that Xiong's wife could safely reside in China as a practicing Christian when Xiong could not. However, the IJ's finding was unduly speculative and overlooks evidence that Xiong and his wife are not similarly situated because, unlike Xiong, she has never been arrested or forced to register with the police. *See Zhou v. Gonzales,* 437 F.3d 860, 865 (9th Cir.2006); *see also Rios v. Ashcroft,* 287 F.3d 895, 902 (9th Cir.2002) (court determined on the merits that the applicant's family was not similarly situated because they had not been persecuted in the past).

In addition, the IJ's finding that Xiong was nonresponsive, when questioned regarding his wife's practice of Christianity, is also not supported by substantial evidence because Xiong had answered the same question on three other occasions and may have struggled to understand the IJ's questions because of language issues. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 687 (9th Cir.2003).

Finally, the IJ's finding that Xiong gave inconsistent statements as to how he obtained his passport is not supported. At most, the statements were ambiguous rather than inconsistent, as it was not at odds that Xiong's passport was issued by the Chinese government and that he enlisted a friend to help expedite the process. *See Ceballos–Castillo v. I.N.S.,* 904 F.2d 519 (9th Cir.1990).

Because the adverse credibility findings by the IJ are not supported by substantial evidence, we grant the petition and remand to the BIA to consider whether, taking his testimony as credible, he is eligible for asylum, withholding of removal, or CAT relief. *INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.